```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**SCOTT MARSHALL,**

    Movant

v.                                        CIVIL ACTION NO. 2:05-0046
                                               (Criminal No. 2:02-00226-05)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the movant's emergency motion for leave to file his notice of appeal out of time, filed November 20, 2006.

Movant contends "The clerk of court inadvertantly [sic] mailed the Court's June 26, 2006, order denying § 2255 on August 21, 2006 (55 DAYS LATE)." (Aff. in Supp. of Mot. ¶ 2). Movant additionally asserts as follows:

    3.    I received the Court's opinion on or about August 24, 2006 by Institutional Inmate Mail. . . .

    4.    I was transferred to segregated housing unit (the hole) on August 19, 2006 at which time I was separated from all personal and legal property.

    5.    On October 12, 2006 I was released from S.H.U. and was placed on waiting list to receive [sic] assistance of prison legal assistance program.

    6.    On October 19, 2006 the prison legal assistance program finished pleadings for submission to this Court.

(Id. ¶¶ 3-6).  The certificate of service indicates that on October 30, 2006, movant delivered the instant filings to correctional officials for mailing.

On January 18, 2005, movant instituted this action with his section 2255 motion.  He recorded his address on that pleading as FCI Beaumont.  On December 12, 2005, movant filed his objections to the proposed findings and recommendation of the United States Magistrate Judge.  His objections listed his address as FCI Williamsburg.

The docket sheet reflects that the June 26, 2006, order and accompanying judgment order were mailed to movant at FCI Beaumont by the clerk, which mailing was returned on August 18, 2006.  The mailing was then sent anew by the clerk to movant at FCI Williamsburg on August 21, 2006.

Inasmuch as movant's motion was not filed within 30 days after expiration of the 60 day period prescribed in Federal Rule of Appellate Procedure 4(a)(1)(B), he does not qualify for an extension of time to file his notice of appeal under Rule 4(a)(5).  The court additionally observes the conditions attached to Rule 4(a)(6):

> (6) Reopening the Time to File an Appeal. The district
> court may reopen the time to file an appeal for a

2

>period of 14 days after the date when its order to
>reopen is entered, <u>but only if all the following
>conditions are satisfied</u>:
>
>>(A) the court finds that the moving party did
>>not receive notice under Federal Rule of
>>Civil Procedure 77(d) of the entry of the
>>judgment or order sought to be appealed
>>within 21 days after entry;
>>
>>(B) the motion is filed within 180 days after
>>the judgment or order is entered or within 7
>>days after the moving party receives notice
>>under Federal Rule of Civil Procedure 77(d)
>>of the entry, whichever is earlier; and
>>
>>(C) the court finds that no party would be
>>prejudiced.

Fed. R. App. P. 4(a)(6).

The court finds that the movant did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the June 26, 2006, judgment within 21 days after its entry.  The first condition of Rule 4(a)(6) is thus satisfied.  The court additionally finds the instant motion was filed less than 180 days after the June 26, 2006, judgment.  Unfortunately, movant contends he was released from the special housing unit on October 12, 2006, at which time he was placed on a waiting list to receive legal assistance, presumably to prepare his notice of appeal and other filings.  No later than October 12, 2006, then, movant received  notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment on June 26, 2006.  His instant

motion and accompanying materials, however, were not delivered to prison authorities for mailing until October 30, 2006, more than 7 days after he received notice of the judgment.  The earlier deadline is controlling pursuant to Rule 4(a)(6).

Inasmuch as movant has satisfied neither Rule 4(a)(5) or (6), the court is constrained to deny relief.  The court, accordingly, ORDERS that movant's emergency motion for leave to file notice of appeal out of time be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to the movant forthwith at his current place of incarceration.

DATED:  November 27, 2006

_____
John T. Copenhaver, Jr.
United States District Judge